UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SUMMONS ISSUED

CV 14 - 5873

-----------------------------------------------------------x

DANIEL GODDARD,

                Plaintiff,

         -against-

THE CITY OF NEW YORK, Detective KEVIN BUEHLER,
Lieutenant ALISON ESPOSITO, Detective JOHN MOGLIA,
CYRUS R. VANCE, JR., NEW YORK COUNTY DISTRICT
ATTORNEY, And Assistant District Attorney JOHN DOE,

                Defendants.

**COMPLAINT**

JURY TRIAL DEMANDED

FILED CLERK

2014 OCT -7 PM 3: 31

U.S. DISTRICT COURT EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

      Plaintiff, DANIEL GODDARD, by and through his attorneys, **THE LAW OFFICE OF SCOTT G. CERBIN, ESQ., PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

      1.     This is a civil rights action in which the plaintiff seeks relief for the defendant's violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this court deems just and equitable.

1

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

3.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

4.      Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. § 1391 (a), (b) and (c).


## NOTICE OF CLAIM

5.      Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on or about October 31, 2013 within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

6.      Plaintiff Daniel Goddard is 29 years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of Kings.

7.      Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9.      Defendants BUEHLER, ESPOSITO, MOGLIA, VANCE, and DOE are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Defendants BUEHLER, ESPOSITO, MOGLIA, VANCE, and DOE are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties and for whose acts the defendant City is liable under the doctrine of *resondeat superior*. Defendants BUEHLER, ESPOSITO, MOGLIA, and DOE are sued individually.

10.     Defendant DOE is and was at all times relevant herein a duly appointed Assistant District Attorney in the Office of the New York County District Attorney, a quasi municipal agency of defendant THE CITY OF NEW YORK, and was at all times

relevant herein acting under color of state law in the course and scope of his duties as an Assistant District Attorney, and with the power and authority vested in him by the Office of the New York County District Attorney. He was acting in an investigative capacity when he caused a search warrant to be issued by the criminal court under false pretenses.

## STATEMENT OF FACTS

11.     In or about March 2011 Defendant Moglia arrested Plaintiff Daniel Goddard pursuant to an allegation of domestic violence made by Goddard's ex-wife some eight months earlier. Plaintiff voluntarily surrendered to Moglia and spent approximately 42 hours in custody. The criminal case was dismissed shortly thereafter.

12.     On March 10, 2013 Plaintiff sent an email to Moglia in which Plaintiff expressed how distraught the incident made him. The email, which was not threatening at all, closed with Plaintiff offering his attorneys phone number and asking Moglia to "please call me or write back to discuss".

13.     In retaliation Moglia's colleagues went to the New York County District Attorney's Office and obtained a search warrant under false pretenses. The police then raided Plaintiff's Brooklyn apartment, broke into a locked bedroom, and seized computers and phones.

15.     During the arrest the officers used excessive force against Plaintiff and dislocated his left shoulder; aggravating a preexisting condition in the process.

16.     Defendant Buehler then swore out a criminal complaint charging Plaintiff with Aggravated Harassment in which he alleged that he was informed by Moglia that the email placed Moglia "in fear of serious physical injury". It is respectfully submitted that

no reasonable police officer would have found the email threatening or criminal in nature, and that but for the fact that Moglia was a fellow police officer, the Defendant police officers would never have acted on such a complaint.

17.   Additionally, Assistant District Attorney John Doe caused a search warrant to be obtained under false pretenses and while knowing that the allegations did not even make out the elements of the misdemeanor offense of aggravated harassment. Moreover, seeking a search warrant for a perceived petty offense against a police officer was a blatant abuse of power.  In fact, the police were in possession of the allegedly offensive Email thus there was simply no basis to seek a search warrant. It is noted that after all the fanfare, and the unprecedented issuance of a search warrant for a fictional misdemeanor offense, the district attorney quietly consented to an adjournment in contemplation of dismissal ("ACD").

18.   Plaintiff spent approximately twelve hours in jail before being released on his own recognizance.  The police ignored Plaintiff's repeated requests for his eyeglasses and thus he went through the entire ordeal visually impaired.  On February 13, 2014, and after several court appearances, the sole charge in the criminal complaint was dismissed.

## AS AND FOR A FIRST CAUSE OF ACTION
(Malicious Abuse of Process)

18.   Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

19.   By their conduct and actions in seeking out a search warrant under false pretenses, arresting plaintiff, and filing a false criminal complaint, defendants BUEHLER, ESPOSITO, MOGLIA, and DOE, acting with animus, and under color of

5

law and without lawful justification, maliciously abused process in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution and its Amendments.

20.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SECOND CAUSE OF ACTION
(False arrest and false imprisonment)

21.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

22.     By the actions described above, defendants BUEHLER, ESPOSITO, MOGLIA, VANCE, and DOE falsely arrested or caused to be falsely arrested plaintiff without reasonable or probable cause, illegally and without a warrant, and without any right to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and the United States Constitution and its Amendments.

23.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A THIRD CAUSE OF ACTION
(Liability of Defendant the City of
New York for Constitutional Violations)

24.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

25.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants BUEHLER, ESPOSITO, MOGLIA, VANCE, and DOE had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

26.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants BUEHLER, ESPOSITO, MOGLIA, VANCE, and DOE had de facto policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

27.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Excessive Force)

28.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

29.     Defendants BUEHLER, ESPOSITO, and MOGLIA used unreasonable force in apprehending Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and the United States Constitution and its Amendments.

30.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.


### AS AND FOR AN FIFTH CAUSE OF ACTION
(Negligent hiring, screening, retention, supervision and training)

31.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

32.     Defendants THE CITY OF NEW YORK and VANCE negligently hired, screened, retained, supervised and trained defendants BUEHLER, ESPOSITO, MOGLIA, and DOE. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and the United States Constitution and its Amendments.

33.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.


### AS AND FOR A SIXTH CAUSE OF ACTION
(Falsification of evidence)

34.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

35.     Defendants BUEHLER, ESPOSITO, MOGLIA, and DOE obtained a search warrant under false pretenses.  The acts and conduct of the defendants were the direct and proximate cause of physical and emotional injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and the United States Constitution and its Amendments.

36.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.


**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

      a.   Compensatory damages;

      b.   Punitive damages;

      c.   The convening and empaneling of a jury to consider the merits of the claims herein;

      d.   Costs and interest and attorneys' fees;

      e.   Such other further relief as this court may deem appropriate and equitable.

Dated: Brooklyn, New York
      October 7, 2014

Respectfully submitted,

**SCOTT G. CERBIN, ESQ., PLLC**
Counsel for the Plaintiff

By: Scott G. Cerbin (SC5508)
16 Court Street, Suite 2901
Brooklyn, NY 11241
(718) 596-1829